MEMORANDUM **
Plaintiff Thomas MacRae was a resident of Defendant HRC Manor Care Services LLC’s Fountain Valley skilled nursing facility. He filed a complaint alleging that Defendant’s facility was understaffed in violation of California law and seeks relief under California Health and Safety Code § 1430(b) and the California Consumer Legal Remedies Act. The district court dismissed MaeRae’s Second Amended Complaint for failure to state a claim. We reverse and remand.
1.California law requires that skilled nursing facilities maintain sufficient staffing levels to meet the needs of their residents. The California Patients’ Bill of Rights provides that each “facility shall employ an adequate number of qualified personnel to carry out all of the functions of the facility.” Cal. Health & Safety Code § 1599.1(a). Although skilled nursing facilities must always maintain a staffing level of 3.2 nursing hours per patient day, Cal. Health & Safety Code § 1276.5(a), facilities must also “employ and schedule additional staff as needed to ensure quality resident care based on the needs of individual residents])]” Cal. Health & Safety Code § 1276.65(d). California law creates a private right of action for residents to sue for violations of these staffing requirements. Cal. Health & Safety Code § 1430(b).
2. The district court erred in dismissing MacRae’s § 1430(b) claim on the ground that the complaint does not allege under-staffing during MacRae’s residency. The complaint makes the factual allegation that “[d]uring the residency of Plaintiff at the facility,” the “staffing levels [were] inadequate given the acuity of its residents[.]” SAC ¶ 40. The complaint supports this allegation with figures drawn from data provided by Manor Care to the Center for Medicare and Medicaid Services: “during the residency of Plaintiff at the facility, Defendant’s reported hours per patient day was 4.27 while the expected hours per patient day was 4.69.” SAC ¶ 40. The allegation that the facility failed to maintain adequate staffing levels to meet the needs of its residents is, therefore, a plausible one. Accordingly, the complaint states a claim on which relief can be granted under § 1430(b). See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
3. For the same reason, the complaint adequately states a claim for consumer fraud under the Consumer Legal Remedies Act. The complaint alleges that the contract between MacRae and Manor Care provided that the facility would meet legal staffing requirements, but that the facility did not in fact maintain adequate staffing levels. SAC ¶ 26; ¶ 29. Because the complaint plausibly alleges illegal understaff-ing, it states a claim under the CLRA.
4. Even accepting Manor Care’s assumption that state law abstention princi- *478 pies are pertinent in this state law case that has come under federal diversity jurisdiction, the district court did not err in adjudicating this case. Abstaining from adjudicating MacRae’s claims would frustrate the policy of the California legislature in explicitly authorizing private suits for statutory damages from residents of understaffed facilities. See Shuts v. Covenant Holdco LLC, 208 Cal. App. 4th 609, 623-24, 146 Cal.Rptr.3d 709 (2012) (“[B]y enacting section 1430, subdivision (b), the Legislature specifically authorized skilled nursing facility residents themselves to bring actions to remedy violations of their rights.... Therefore, it would frustrate the main purpose of section 1430, subdivision (b) to conclude that courts should abstain from adjudicating claims under this statute.... ”)• Moreover, California’s doctrine of equitable abstention cannot disturb claims for legal relief, such as statutory damages under 1430(b) or actual damages under the CLRA, which the complaint requests. See Wehlage v. EmpRes Healthcare, Inc., 791 F.Supp.2d 774, 786 (N.D. Cal. 2011) (“[T]he equitable abstention doctrine does not afford the Court discretion to abstain from hearing Plaintiffs claims for damages under section 1430(b) or the CLRA, which are legal remedies.”).
5. The district court has not ruled on Manor Care’s argument that some of the parties named in the complaint are not proper defendants. Accordingly, we leave this matter to the district court on remand.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.